NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAYMOND R. MEDINA,**
*Claimant-Appellant*

**v.**

**DAT TRAN, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2060

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5858, Judge Amanda L. Meredith.

---

Decided: January 22, 2021

---

RAYMOND R. MEDINA, San Antonio, TX, pro se.

IOANA CRISTEI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Raymond Medina appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans Appeals' finding of no clear and unmistakable error (CUE) in its prior denial of his request for an increased disability rating. *See Medina v. Wilkie*, No. 19-5858, 2020 WL 1982281 (Vet. App. Apr. 27, 2020). Because we lack jurisdiction, we *dismiss*.

## BACKGROUND

Mr. Medina served on active duty in the United States Army from April 1965 to April 1967. In March 2013, the Department of Veterans Affairs (VA) granted Mr. Medina service connection for: (1) hearing loss with a noncompensable rating; (2) tinnitus with a ten percent rating, the highest rating assignable for this condition; (3) deviated nasal septum with a ten percent rating, the highest rating assignable for this condition; and (4) a left wrist condition with a ten percent rating, the highest rating assignable if the veteran's wrist is not completely immobile. Medina did not appeal this decision, and it became final.

In October 2014, Mr. Medina moved for revision of the 2013 decision. He argued that the VA committed CUE by evaluating his wrist condition and deviated nasal septum under the wrong diagnostic codes and by failing to consider his sleep apnea. The Board denied Mr. Medina's motion, finding the evidence supported the VA's choice of diagnostic codes and did not show that Mr. Medina's sleep apnea was service-related. S.A. 12–14. Mr. Medina appealed to the Veterans Court, which affirmed, finding that the Board's analysis was thorough and that no evidence in the record contradicted the Board's determination that Mr. Medina's sleep apnea was not service-related. S.A. 5.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Medina argues that the Veterans Court should have found that the VA committed CUE (1) in classifying his wrist condition and deviated nasal septum and (2) in failing to provide a disability rating for Mr. Medina's sleep apnea. But the Veterans Court's affirmance of the Board's determination is an application of law to facts, which is outside of our jurisdiction to review. The Board reviewed the evidence of record and found that the VA did not commit CUE in "failing to assign a separate or higher rating under [a different] Diagnostic Code" for Mr. Medina's wrist condition or deviated nasal septum. S.A. 11–13. The Veterans Court affirmed, concluding that the Board's determination that the VA did not commit CUE was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and, in fact, determined that the Board's analysis of the diagnostic codes "thoroughly explained why each purported error did not rise to the level of CUE." S.A. 5. The Veterans Court also determined that the Board's failure to specifically discuss regulations concerning the weight of evidence[1] simply amounted to a dispute over the VA's weighing of the evidence, which "does not amount to CUE." S.A. 6. Regarding sleep apnea, the Board found no

---

[1]    38 C.F.R. §§ 4.1, 4.3, and 4.7.

evidence of record that suggested Mr. Medina's sleep apnea was service-connected or that he intended to submit a service connection claim. S.A. 14. Furthermore, the Veterans Court also found Mr. Medina failed to provide any evidence that existed at the time of the "rating decision that contradict[ed] the Board's determination that the evidence did not relate [sleep apnea] to his service or to a service-connected disability." S.A. 5. Failing to identify a legal error, Mr. Medina's challenges before us amount to a disagreement with the Veterans Court's application of law to fact. We do not have jurisdiction to revisit these determinations by the Veterans Court.

## CONCLUSION

We have considered Mr. Medina's remaining arguments and find that they do not raise issues within our jurisdiction. Because we lack jurisdiction over Mr. Medina's appeal, we *dismiss*.

## **DISMISSED**

### COSTS

No costs.